# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABAK MOEINOLMOLKI, et al., | Case No. CV 24-4851 FMO (MRWx) |
| Plaintiffs, | |
| v. | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| LONE STAR ALLIANCE, INC., et al., | |
| Defendants. | |

    Plaintiffs filed their complaint on June 9, 2024 (Dkt. 1). By order dated August 27, 2024, plaintiffs were ordered to show cause, on or before September 3, 2024, why this action should not be dismissed for plaintiffs' failure to complete service of the summons and complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure. (See Dkt. 9, Court's Order of August 27, 2024). Plaintiffs were admonished that "[f]ailure to file a timely response to th[e] Order to Show Cause shall result in the action . . . being dismissed for lack of prosecution and for failure to comply with the orders of the court." (Id.). As of the date of this Order, plaintiffs have not filed proofs of service of the summons and complaint on any defendant. (See, generally, Dkt.).

    Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]" In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-

30, 82 S.Ct. 1386 (1962) (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986). These factors include:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Pursuant to Rules 4(m) and 41(b) and the Court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Henderson, supra, dismissal of this action without prejudice for failure to effect service within the specified time and comply with the Court's Order to Show Cause issued on August 27, 2024 (Dkt. 9), is appropriate.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to effect service and comply with the orders of this Court. Dated this 12th day of September, 2024.

/s/
Fernando M. Olguin
United States District Judge